DENNIS T. BAXTER, Respondent, v. THE TROY AND BOSTON
RAILROAD COMPANY, Appellants.

In an action for injuries to the plaintiff caused by the alleged negligence of
the defendant, a railroad company, in running its train against the plaintiff's
wagon at a crossing.—*Held*, unanimously, that a refusal to charge that the
plaintiff was not relieved from the duty of exercising ordinary prudence in
approaching the crossing by the omission of the defendants to give the
required signal on approaching such crossing, was *error*.

(Submitted October 9th, 1869, and decided December 22d, 1869.)

APPEAL from a judgment of the General Term of the
Supreme Court of the third judicial district, affirming a judg-
ment for the plaintiff upon a verdict rendered at the Novem-
ber Rensselaer circuit, 1867.

There was a motion for nonsuit, both when plaintiff rested,
and at the close of the evidence.

The action was to recover damages for an injury sustained
at a highway crossing, in the northern part of the village of
Lansingburgh. Plaintiff charged negligence upon the defend-
ant. It was denied, defendant alleging that plaintiff's negli-
gence contributed to the injury.

The crossing was midway of a hill, the highway leading
east and west. Plaintiff lived about twenty rods west of the
crossing; he was driving east, up the ascent, on a walk, with
a double team, about one o'clock, P. M.; he heard neither
whistle or bell, or the noise of the train.

The train causing the injury, was the regular one o'clock
up train, with the passage of which plaintiff had been familiar
for years. He testified that he did not see the train; that he
did not look for it; that he did not hear it, although its tread
could be heard from the place where he lived.

There was much contradictory evidence upon the question
whether the bell was rung, or the whistle sounded: and, also,
upon the question whether the plaintiff struck his horses, in
an effort to pass the crossing in front of the train.

The fourth request to charge, made by the defendant at the
close of the evidence, was as follows:

4th. That although the jury may find that the defendants did not give the required signal on approaching the crossing, the plaintiff was not thereby relieved from the duty of exercising ordinary prudence in approaching said crossing.

The court said: "I decline to charge in these words; I think I have charged fully upon that subject." The counsel for defendants thereupon renewed such request, and desired an explicit charge thereupon, and the court refused so to charge, and defendants' counsel then and there duly excepted.

*Francis Rising*, for respondent, cited *Ernst* v. *Hudson R. R.* (35 N. Y., 9); *McGrath* v. *Hudson R. R.* (32 Barb., 147); *Warren* v. *Fitchburg R. R.* (8 Allen, 227); *Fero* v. *Buffalo R. R.* (22 N. Y., 213); *Fay* v. *O'Neil* (36 N. Y., 11.)

*William A. Beach*, for appellant, cited *Ernst* v. *Hudson R. R. Co.* (39 N. Y., 68); *Wild* v. *Hudson R. R. Co.* (29 N. Y., 315, 327); *Gonzales* v. *Harlem R. R. Co.* (38 N. Y., 440); *Mackay* v. *Central R. R.* (35 N. Y., 78.)

Grover, J. The only ground, upon which the defendant's motion for nonsuit was based, was that the evidence showed that the negligence of the plaintiff contributed to the injury received by him. The law required the plaintiff to show, that in crossing the defendant's road, he exercised proper vigilance and care in protecting himself from injury from the locomotives and trains operated by defendant, irrespective of the question whether defendant was or was not negligent. The care to be exercised by the plaintiff required him to make a vigilant use of his eyes and ears, in ascertaining whether trains were approaching, and if from either source or otherwise, he learned that such was the fact, to use caution in avoiding the danger. (*Wilcox* v. *The Rome & Watertown Railroad*, 39 N. Y., 358.) In this case and others, the cases have been so extensively reviewed by this court, that a further examination would be superfluous. It fol-

lows, that the questions presented upon the motion for nonsuit in this case, were: 1st. Whether the plaintiff was aware, from any source, of the situation and presence of the approaching train in time to avoid the danger. He testifies that he was not, and there was no such preponderance of evidence in conflict with his testimony on this point as to justify the court in taking the question from the jury. 2d. Whether the exercise of proper care on his part, including the vigilant use of his eyes and ears in ascertaining whether trains were approaching, would have made him aware of the danger in time to avoid it. If so, it is clear that the omission of this care by the plaintiff contributed to the injury, and that the plaintiff could not recover therefor. This requires an examination of the testimony. The plaintiff testifies that he did not hear the train, or see it, until about the instant it struck his wagon. The crossing was where the defendant's track ran through a deep cut on a curve, as I understand the testimony. There was some proof tending to show that the wind blew from a direction opposite to that from which the train approached. From this evidence, I think it cannot be successfully claimed that it conclusively appeared that the plaintiff would have heard the train, had he listened, although it is highly probable that he would. It was not, therefore, improper to submit this question to the jury. It is sometimes said that the most cautious and thoughtful are sometimes absorbed by their business, their cares and their griefs, and thus they cannot exert their usual caution. (35 N. Y., 80, 81.) If by this is to be understood that they cross railroad tracks while so absorbed, and consequently inattentive to their safety, it is only another mode of saying that persons, generally careful, are sometimes careless, generally vigilant, sometimes heedless; and it follows, upon principle, that if such persons receive an injury in consequence of their heedlessness, they can no more recover therefor, because on other occasions they had been vigilant, than if always heedless. The law requires care at all times when in a situation of danger ; and mental absorption, or revery

from business, grief, &c., will not excuse its omission.   The inquiry is whether, from the evidence, it satisfactorily appears that the plaintiff, by looking, could have seen the train in time to have avoided the collision.   If so, the plaintiff should have been nonsuited.   If not, the case was a proper one for submission to the jury.   The plaintiff testified that he was well acquainted with the ·crossing; that he did not look for the train; that he could not have seen it until upon the track if he had, on account of the hill, &c.   If this was true, the plaintiff was excused from looking, as the law does not require one to look to see something, when it is impossible to see it. Nor does the care required in crossing a railroad track in a highway, with a team, render it necessary that the party desiring to cross, if unable to look along the track without leaving his team, to leave it and go upon the track for that purpose before driving thereon.   This would be a degree of care not observed by the mass of prudent persons.   Besides, in most cases, such care would be useless; for the speed of the trains is often such, that although the crossing would be entirely safe while the person stood upon the track, yet before he could return to his team and drive upon the track, a train might be approaching in the immediate vicinity of the crossing.   All that the law requires is a reasonable use of the senses; that is, one approaching the crossing must look along the track when his view is unobstructed, and thus ascertain whether there is danger in crossing to be apprehended from trains approaching from either direction.   According to the testimony of the plaintiff, he could not have seen the train that struck the wagon which he was driving, in time to have avoided it.   If this be true, his omission to look was immaterial, because by looking, he could not have seen the train, and the omission to look could not have contributed to the injury.   But there was evidence given by the defendant strongly tending to show that the defendant could, by looking when at any distance within twenty-five feet from the track, have seen the train if within twenty rods of the crossing, and stopped the team before entering upon the track,

and thus avoided the danger. If this be true, his omission to look as required, directly contributed to the injury received, and the plaintiff should have been nonsuited. My impression from the evidence is, that the plaintiff could, by looking, have seen the train and avoided the danger, and should therefore have been nonsuited; but as a new trial must be granted upon other grounds, and the evidence may be different from the present, I shall not consider this point further. The defendant requested the court to charge the jury, that if the plaintiff, in approaching near the crossing, could have seen or heard the approaching train by the exercise of ordinary prudence, and failed to, he is guilty of negligence contributing to the injury, and cannot recover. The court refused, and exception was taken. The court erred in refusing to charge this proposition generally, unless the refusal is understood to have been placed upon the ground that the proposition did not exclude the idea that the plaintiff could not have seen or heard the train in time to have avoided the danger. If the proposition is so understood, the refusal was not erroneous. But the court clearly erred in refusing to charge the fourth proposition requested by defendant's counsel. That proposition was simply that the plaintiff was not relieved from ordinary prudence in approaching the crossing by the omission of the defendant to give the signals required by statute. The soundness of this proposition will appear from every well considered case involving the question, as well as from the elementary writers, and the reasons assigned for the rule fixing the right of recovery. So long as it shall be held that contributing negligence of the plaintiff will bar a recovery, it can never be held that the negligence of the defendant will exonerate the plaintiff from observing ordinary prudence, whether such negligence consists of duties enjoined by statute or the common law. It is insisted that the court had in substance already charged the same proposition. The refusal was not placed on that ground, and the jury were left to infer that the refusal was because the court held the law to be different.

Statement of case.

I have examined the entire charge, and find nothing therein that will obviate this error. The judgment must be reversed and a new trial ordered, costs to abide the event.

All the judges concurring for reversal, judgment reversed.