## SAMUEL B. ALLYN *vs.* BOSTON & ALBANY RAILROAD COMPANY.

In an action against a railroad corporation for injuries occasioned by a train coming into collision, at a highway crossing, with an open wagon in which the plaintiff was being driven in the daytime, it appeared that the track and the sign over the highway were visible five rods or more off, in the direction from which the plaintiff approached the crossing. The plaintiff testified that he did not know of the crossing and did not look up, and that the driver was careful and the horse safe; but there was no evidence that the driver looked to ascertain whether a train was coming. *Held*, that there was no evidence for the jury that the plaintiff was in the exercise of due care.

TORT for personal injuries occasioned to the plaintiff by a train of the defendants coming into collision with a wagon in which he was being driven, at a crossing of the railroad and a highway in Becket. Trial in the superior court, before *Wilkinson*, J., and verdict for the plaintiff. The defendants alleged exceptions. The case is stated in the opinion.

*N. A. Leonard*, ( *G. Wells* with him,) for the defendants.

*G. M. Stearns*, ( *W. B. C. Parsons & M. P. Knowlton* with him,) for the plaintiff.

MORTON, J.* The rules of law which must govern this case are well settled. The plaintiff is required to prove not only that the defendants were negligent, but also that his own negligence did not in any degree contribute to his injury. The burden is upon him to show affirmatively that he was in the exercise of due care. *Warren* v. *Fitchburg Railroad Co.* 8 Allen, 227. *Hickey* v. *Boston & Lowell Railroad Co.* 14 Allen, 429. *Murphy* v. *Deane*, 101 Mass. 455. The question of due care is generally for the jury to determine ; but where the uncontroverted facts in a case show negligence on the part of the plaintiff, or where there is no evidence to show that he used due care, it is the duty of the court to instruct the jury to return a verdict for the defendants. *Todd* v. *Old Colony & Fall River Railroad Co.* 7 Allen, 207. *Butterfield* v. *Western Railroad Co.* 10 Allen, 532.

Applying these principles to the case at bar, we are of opinion that the plaintiff failed to sustain the burden of showing that he was in the exercise of due care at the time of his injury. It appears that the plaintiff and a companion, one Haskell, were riding together, in the daytime, in an open wagon, at the time of the accident. The highway, over which they had driven, runs, for a mile or more, nearly parallel with the railroad, which for most of the distance is plainly visible from it. As the crossing is approached, the highway bends a little, and, in order to cross the railroad, rises four and a half feet. This ascent commences twenty feet from the railroad track, and the track and the usual sign over the highway are visible for five rods or more before the railroad is reached. According to the plaintiff's testimony, at the foot of this ascent he could look up the railroad track towards the west, (the direction from which the train which caused the injury came,) and there was nothing to intercept the view. He further testified, that as they approached the rise their horse was going at a moderate trot, and when they ascended the rise he walked ; that " I did not see where we were until the horse had got on to the track ; I did not look up." There is no evidence in the case that his companion looked to see if a train was approaching. The single statement of the plaintiff, that " Mr. Haskell was driving

* COLT, J., did not sit in this case.

carefully, and his horse was very reliable," may show that he was using due care in the management of his horse, but does not fairly tend to show that he looked up the railroad track.

A railroad crossing is a place of danger, and common prudence requires that a traveller on the highway, as he approaches one, should use the precaution of looking to see if a train is approaching. If he fails to do so, the general knowledge and experience of men at once condemn his conduct as careless. *Gaynor* v. *Old Colony & Newport Railway Co.* 100 Mass. 208. *Baxter* v. *Troy & Boston Railroad Co.* 41 N. Y. 502. In the case at bar there is not a scintilla of evidence that either of the parties used this reasonable precaution; and the case falls within the principle of *Butterfield* v. *Western Railroad Co.* 10 Allen, 532. There is nothing in the evidence to show any excuse for the neglect to ascertain whether a train was approaching. The fact that the plaintiff did not know that there was a railroad there is no admissible excuse, because it is obvious that any man who had his sight and used it must have seen that he was approaching a railroad crossing. If the plaintiff did not see it, it shows conclusively that he was not using the circumspection and care which every prudent man does and is required to use in travelling. It is absurd to suppose that a traveller using ordinary care could, in the daytime and with nothing to interfere with his vision, get upon this railroad crossing without seeing it.

The fact that the plaintiff was riding with Haskell, who was driving, does not aid his case. If the plaintiff failed to use the care which prudence required, relying upon the vigilance of his companion, he must prove that Haskell was in the exercise of due care, not only in the management of his horse, but in using the necessary precautions to guard against danger from passing trains. *Commonwealth* v. *Fitchburg Railroad Co.* 10 Allen, 189. *Thoroughgood* v. *Bryan*, 8 C. B. 115.

Upon the whole, we are of opinion that there was no evidence in this case from which the jury could reasonably and properly conclude that the plaintiff was in the exercise of due care, and that the jury should have been instructed, as requested by the defendants, that the plaintiff could not recover.

*Exceptions sustained.*