ABBY JOHNSON *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.    March 14. — July 19, 1878.    COLT, J., absent.    LORD, J., did
not sit.

If a person buys a ticket which entitles him to a passage over a railroad from A. to
C., and stops at B., intending to resume his journey to C. the same day, leaves the
station at B., and afterwards, while on his way to the station of another railroad
corporation near by, for the purpose of meeting his son, returns to the station
which he had left, and is injured while crossing the tracks, through the negligence
of the railroad corporation which had sold him the ticket, when he might have
crossed the railroad at a highway crossing, he is a trespasser, and cannot, in the
absence of evidence that the negligence was wilful, maintain an action for the in-
jury, although the defendant's platforms extend between two highways crossing
the track, and people have been accustomed to pass from the station on one rail-
road to that on the other at that point, without objection by the corporation; and
although his ticket does not forbid stopping over at B.

TORT for personal injuries occasioned to the plaintiff by the
alleged negligence of the defendant.

Trial in the Superior Court, before *Wilkinson*, J., who, after
verdict for the defendant, reported the case for the determination
of this court in substance as follows:

The plaintiff offered evidence tending to show that on Decem-
ber 4, 1875, she purchased a ticket at the defendant's office in
Boston, entitling her to be carried over the defendant's road
from Boston to Lawrence, and thence, over the Manchester and
Lawrence Railroad, to Manchester, New Hampshire; that the
ticket had coupons attached, and contained no limitations as to
the time when it was to be used, and was silent as to the right of
the party holding it to stop over at any point on the line; that
she took the train leaving Boston about noon, and, having occa-
sion to stop at Somerville on the line of the defendant's road, in
order to see her son, whom she was expecting by a train upon the
Eastern Railroad, at the station of the latter road in Somerville,
a few rods distant from the defendant's station, she stepped from
the train at the defendant's station in Somerville, intending to
resume her journey by another train on the defendant's road,
which would leave Boston at five o'clock on the same day; that
after leaving the car she proceeded to a house near by the sta-
tion; that the defendant's station and grounds at Somerville ex-
tend the entire distance between Cambridge and Perkins streets,

both of which streets the railroad crosses at grade, and both of which are provided with gates; that there are two tracks running north and south, parallel to each other and about four feet apart; that the principal station is on the west side, and there is a platform adjacent to the track, raised about eight inches above the track, and extending the entire distance between Perkins Street on the north and Cambridge Street on the south; that upon the opposite or east side of the track and adjacent to it, a platform similar to that upon the west side extends the entire distance between Perkins and Cambridge streets, and meets each highway at a level; that a narrow planking extends on the west side of the track the whole length of the western platform, between the platform and the extreme western rail, and even with the top of the rail; that a similar space between the extreme eastern rail and the eastern platform is not planked; that a planking even with the top of the rails extends between the eastern rail of the western track and the western rail of the eastern track, the entire distance between Cambridge Street and Perkins Street; that there is no planking between the rails of either track, but a solid filling of earth fills up the space even with the top of the sleepers; and that all the platforms and plankings referred to extend a distance of two hundred and twenty feet, and all of them connect either at a level or by suitable approaches with the sidewalks of each street.

The plaintiff testified that she waited at the house where she was stopping until nearly half past one, the time when the train upon the Eastern Railroad which she expected to meet was due; that she then started to go to the Eastern Railroad station, and proceeded upon Perkins Street to the crossing of the defendant's railroad, when a train of the defendant's, passing southward on the track nearest her, prevented her going further at that moment; that this train stopped at the Somerville station of the defendant; that she thereupon stepped upon the northern end of the defendant's western platform, close to which the train was standing, and walked southward along the platform by the side of the train; that she was informed as to the position of the Eastern Railroad station, and stopped upon the platform about fifty or sixty feet from Cambridge Street, waiting for the train to pass on by her towards Boston; that, as soon as the last car

passed, she immediately stepped down and cast her eye to the north; that she then walked rapidly across upon the planking which extended to the track, across this track, and the planking dividing this from the second track, and upon the second track, and had got both feet upon the second track, when a train from Boston going north struck her and caused the injuries complained of; that the whole time occupied by her after leaving the platform and before she was struck was not more than three seconds; that she looked north first, because she supposed a train would not be coming from the south while the first train was going out; and that as quickly as possible after looking north she looked south.

Upon cross-examination, she testified that she did not look to the south, in the direction from which the engine which struck her approached, until she was upon the track upon which it came; and that, at the time of the accident, she was not familiar with the premises, and had not to her remembrance been there before. Evidence competent to be submitted to the jury was offered tending to show due care on the part of the plaintiff and negligence of the defendant at the moment of the accident.

The plaintiff offered to show that the train standing by the platform extended entirely across Cambridge Street, which is one of the streets by which the plaintiff could reach the Eastern station; that the planking and the road-bed between the rails made a convenient and substantially level passageway for foot passengers to cross from platform to platform, and was the most direct course for the plaintiff to take to the Eastern station; that this state of things had existed for many years; that passengers purchasing tickets at the Somerville station to go north, cross the first or western track to the planking between the tracks, or both tracks, to the platform on the eastern side; that persons going east or west can use Perkins Street north of the station, or Cambridge Street south of the station, but for persons walking from a point on Perkins Street near the north end of the station to the Eastern Railroad station, a nearer and more convenient way is to pass over a portion of the defendant's platform and across the tracks of the defendant's road, as the plaintiff was about to do; that, at the time of the accident and for a long time before, it had been customary for passengers, and all other

persons having occasion to pass, to use the defendant's platforms and the space between as a common passageway or thoroughfare · that no notice or warning to the contrary had ever been posted by the defendant corporation ; and that large numbers of passengers and other persons were in the daily habit of so using the premises.

The Eastern Railroad station is at a point south of Cambridge Street, while that of the defendant's is north of that street. The station of each corporation is accessible by the ordinary highways of the neighborhood without crossing any premises of the other corporation. In crossing from the western portion of the station of the defendant to the Eastern Railroad station, all the tracks of both corporations are crossed at grade.

Upon this evidence, the judge ruled that the action could not be maintained; ordered a verdict for the defendant; and reported the case for the determination of this court. If the action could be maintained, the verdict was to be set aside and the case stand for trial; otherwise, judgment was to be entered on the verdict.

*N. B. Bryant*, for the plaintiff.

*S. Lincoln, Jr.*, for the defendant.

SOULE, J. The evidence in this case shows that when the plaintiff was injured she was a mere intruder on the premises of the defendant. Though she had bought a ticket which entitled her to be carried by the defendant from Boston to Lawrence, and had been carried from Boston to Somerville, by virtue of that ticket, her own testimony showed that she was not on the premises as a passenger, who, having alighted from the train, was on her way from the station ; nor as a passenger about to take an outgoing train ; but that she was there merely for her own convenience, using the premises as a passageway from the highway to the station of the Eastern Railroad Company, at which she expected to meet her son, a passenger over the Eastern Railroad. The evidence fails to show that the defendant held out any inducement to her to enter its premises. There is nothing in the arrangement of platforms beside the tracks, extending from street to street, nor in the construction of the road-bed between the rails of the several tracks, which indicates that they were in. tended for the use or accommodation of others than the em

ployees and passengers of the defendant; and it does appear
that the arrangement of the premises was such as a due regard
for the safety and convenience of passengers required.   The use
of the premises as a passageway by strangers was a matter in
which the defendant was absolutely passive, and from which
nothing is to be inferred in favor or in aid of the plaintiff.

It is clear, therefore, that the defendant was not bound to do
any act or service for the plaintiff, nor to fulfil any contract with
her, relating to the use by her of its lands, for the purposes
for which she was using them when she was injured.   In going
upon the railroad track in order to make a short cut to the sta-
tion of the Eastern Railroad, she assumed all risks of bad con-
dition of the platforms and of the road-bed, and of the running
of engines and cars.   It not being alleged nor contended that
the injury was wilfully inflicted, no state of facts was established
which can be the foundation of an action of tort.   No obligation
or duty toward the plaintiff existing, the defendant could not be
guilty of violating any duty or obligation toward her.   *Sweeny*
v. *Old Colony & Newport Railroad*, 10 Allen, 368.   *Gaynor* v.
*Old Colony & Newport Railway*, 100 Mass. 208.   For these rea-
sons, the ruling that the action could not be maintained was cor-
rect, and it is unnecessary for us to consider the other questions
which were argued by counsel.        *Judgment on the verdict.*