ALBERT J. WRIGHT *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.    Nov. 14, 19, 1879. — Sept. 22, 1880.    LORD & SOULE, JJ., absent.

A person, who is injured while crossing the tracks of a railroad corporation at a place not a highway, and where no inducement is held out to him to cross by the corporation, cannot maintain an action against the corporation for such injury.

A person, who is injured by a train of cars at a place where a highway crosses a railroad at grade, cannot maintain an action against the railroad corporation, if it appears in evidence, undisputed, that he attempted to cross on foot, without looking to see if a train was coming.

An action for personal injuries cannot be maintained against a railroad corporation, under the St. of 1874, c. 372, § 164, if the declaration does not allege that the accident occurred upon a crossing of a highway at grade, that the statutory signals required at such crossings were neglected by the defendant, and that such neglect contributed to the injury.

TORT. The declaration contained two counts. The first count was as follows : " The plaintiff says that while he was travelling on Cambridge Street in the city of Somerville, in the exercise of due and ordinary care, the defendant, by its agents and servants, grossly and carelessly ran and drove an engine, attached to a long train of cars, upon and over him, wounding him in his

head, breaking his legs and arms, and greatly injuring him in his person." The second count was for an injury received while on the premises of the defendant.

Trial in this court, before *Ames*, J., who withdrew the case from the jury, and reported it for the consideration of the full court. The facts appear in the opinion.

*D. F. Crane & R. Lund*, for the plaintiff.

*S. Lincoln, Jr.*, for the defendant.

COLT, J. The plaintiff at the time of his injury was not a passenger going to or from a train on the defendant's road. He was either using the premises of the defendant's station at East Somerville for his own convenience, as affording him a shorter way from Perkins Street on the north, by Cambridge Street on the south, to the station of the Eastern Railroad, or else, after so using the premises, he was attempting, on reaching Cambridge Street, to pass diagonally both across the highway and across the defendant's tracks, towards the last-named station, for the purpose of taking passage over the latter road in a train then just arriving.

The tracks of the two railroad corporations at this point are parallel, and the station-houses are built nearly opposite to each other. The platform at the defendant's station extends from street to street, but there is nothing in the arrangement of the platforms or buildings which indicates that they were intended for the use of passengers of the other road going to and from its station. As was said in *Johnson* v. *Boston & Maine Railroad*, 125 Mass. 75, 79, with reference to a similar accident to a person who was using these very premises in the same way, " the defendant was not bound to do any act or service for the plaintiff, nor to fulfil any contract with her, relating to the use by her of its lands." " In going upon the railroad track in order to make a short cut to the station of the Eastern Railroad, she assumed all risks of bad condition of the platforms and of the road-bed, and of the running of engines and cars." It was accordingly held in that case that the plaintiff, who was injured through the negligence of the corporation while crossing the tracks, when she should have crossed in the highway, was a trespasser, and could not recover without evidence that the defendant's negligence was wilful.

In the case at bar, there was some evidence offered tending to show that the plaintiff was injured, not on the premises of the corporation, but after he reached Cambridge Street, and while he was crossing both that street and the tracks of the railroad, in going towards the Eastern Railroad station. It is true that, if the case had been submitted to the jury, they might have found that he was injured within the limits of the highway. But in either aspect of the case, and without reference for the present to the provisions of the St. of 1874, c. 372, § 164, we are of opinion that the evidence entirely fails to show that the plaintiff was in the exercise of due care. The uncontroverted facts show that he was negligent. He testified that he walked down the platform of the defendant's station from Perkins Street about half-way, intending to take the train on the Eastern Railroad, which was about due, and had his mind on that, having no occasion to know anything about the train on the Boston and Maine Railroad; that, after a short stop, he walked down the platform but could not tell how far, and did not remember that he walked off at Cambridge Street; that he saw the train on the Eastern Railroad coming fast, and knew it was time to be off, and could not tell whether he stepped off the platform, or whether he got to the end of it or not, and did not remember leaving the platform at all; that the last he did remember was that he was on the platform going towards the train on the Eastern Railroad; that he looked to this train and his attention was directed right to it; that he did not look either way on the Boston and Maine Railroad, or look back, or see or hear anything whatever of any train when he was on the rails of the defendant's road; that he must have seen if he had looked, but his attention was drawn right to the train on the Eastern Railroad, and, having no occasion to look at anything else, he paid no attention to anything about the defendant's road, and did not notice that the gate across the highway was closed, or whether there was any flagman on the street, or whether any signal or means of warning was provided by the defendant corporation.

The effect of this evidence is not controlled or contradicted by any other evidence in the case. It shows that the plaintiff was attempting to cross the tracks of a railroad, which he knew were

in constant use for passing trains, at a place with which he was perfectly familiar, not merely without affirmative proof of care commensurate with the danger to which he was exposed, but with positive proof of negligence on his part. He was not allured into the danger by any act or declaration of the defendant or its agents, or by any peculiar construction or arrangement of the premises. He was not misled by any order or signal. The crossing was closed by a gate, but he paid no attention to anything about the railroad which he was passing over, or to any signal or means of warning. Such conduct is condemned by the general knowledge and experience of all prudent men, and is conclusive on the question of due care. *Allyn* v. *Boston & Albany Railroad*, 105 Mass. 77. *Butterfield* v. *Western Railroad*, 10 Allen, 532. *Bancroft* v. *Boston & Worcester Railroad*, 97 Mass. 275. *Burns* v. *Boston & Lowell Railroad*, 101 Mass. 50. Nor do we see any evidence which would justify a finding that the plaintiff was injured by the reckless and wanton misconduct of those employed in the management of the train.

By the St. of 1874, *c.* 372, § 164, reënacting the St. of 1871, *c.* 352, it is provided that, if a person is injured by a collision at a railroad crossing, and it appears that the corporation neglected to give the signals by bell and whistle required by statute, the corporation shall be liable, unless it is shown that, in addition to mere want of ordinary care, the person injured is guilty of gross or wilful negligence, or was acting in violation of law. If this enactment changes the law, and if the plaintiff is entitled to the benefit of it as a traveller in the highway, notwithstanding the direction in which he was going, and the fact that he came upon the crossing not from the highway, but from the premises of the defendant, yet we are of opinion that, under his declaration, he is not entitled to recover in this action by virtue of the statute under consideration.

The declaration contains two counts. The first is for injury received by the plaintiff on Cambridge Street, from the engine and cars of the defendant. The other is for an injury received by him while on the premises of the defendant. He relies on the first count only as sufficient under this statute ; but the difficulty is that there is no allegation therein that the collision

occurred upon a crossing of a highway at grade, or that the statutory signals required at such crossings were neglected by the defendant, or that such neglect contributed to the injury. These allegations are essential if the plaintiff seeks to maintain his ac tion upon this statute. They are necessary because, on the facts here disclosed, there is no other ground of recovery left. *Williams* v. *Hingham & Quincy Bridge & Turnpike*, 4 Pick. 341. It is well settled that, in declaring upon a cause of action arising under a statute, the plaintiff must state specially every fact required by the statute to fix the liability. And it was recently held. by this court, in accordance with these rules of pleading, that, if an indictment against a railroad corporation, to recover for the use of the widow and children for the loss of a life at a grade crossing, alleged, as the only act of negligence, that the locomotive engine was run rashly, without watch, care and foresight, and with great and improper speed, evidence was not admissible to show that there was neglect to ring the bell or sound the whistle, because such negligence was not sufficiently alleged. *Commonwealth* v. *Fitchburg Railroad*, 126 Mass. 472. It follows, by the terms of the report on which the case has been reserved, that there must be

*Judgment for the defendant.*