ANN O. TUTTLE *vs.* TRAVELLERS' INSURANCE COMPANY.

Middlesex.   Nov. 15, 1882. — Jan. 5, 1883.   W. ALLEN & HOLMES, JJ., absent.

Under a policy of insurance against accident, providing that no claim shall be made under it when the death or injury may have happened in consequence of exposure to any obvious or unnecessary danger, and containing a condition that the assured is required to use all due diligence for personal safety and protection, no recovery can be had for the death of the assured, which is caused by his being struck by a railroad train, while running along the tracks in front of it in the night-time, for the purpose of getting on a train approaching in an opposite direction on a parallel track.

CONTRACT upon a policy of insurance against accident, issued by the defendant corporation upon the life of Stephen Tuttle, and made payable to the plaintiff, his wife.

At the trial in this court, before *Devens,* J., the evidence showed that, about ten o'clock in the evening of March 13, 1879, Tuttle was killed by being struck by a railroad train, while running along the tracks in front of it, for the purpose of getting on a train approaching in an opposite direction on a parallel track.   The judge, at the defendant's request, ruled that the action could not be maintained; directed the jury to return a verdict for the defendant; and reported the case for the consideration of the full court.   If the ruling was correct, judgment was to be entered on the verdict; otherwise, a new trial was to be had.   The material provisions of the policy appear in the opinion.

*G. A. A. Pevey,* for the plaintiff.

*S. Lincoln,* for the defendant.

C. ALLEN, J.   The policy provides, among other things, that no claim shall be made under it " when the death or injury may have happened in consequence of exposure to any obvious or

unnecessary danger." It is also made subject to the condition, that "the party insured is required to use all due diligence for personal safety and protection." Both of these provisions were violated by the act of the deceased in going upon and along the track of the railroad, under the circumstances stated in the report. *Wright* v. *Boston & Maine Railroad*, 129 Mass. 440, 443. No two cases are precisely alike in their facts; and what constitutes due care must depend upon the facts of each case. But the conduct of the deceased was such as, in the words of Mr. Justice Colt, is "condemned by the general knowledge and experience of all prudent men, and is conclusive on the question of due care." The danger was obvious, the exposure to it unnecessary, the want of due diligence clear; and the death of the insured occurred in consequence thereof. See also *Wills* v. *Lynn & Boston Railroad*, 129 Mass. 351; *Johnson* v. *Boston & Maine Railroad*, 125 Mass. 75; *Allyn* v. *Boston & Albany Railroad*, 105 Mass. 77; *Cordell* v. *New York Central & Hudson River Railroad*, 75 N. Y. 330; 70 N. Y. 119; 64 N. Y. 535; *Baxter* v. *Troy & Boston Railroad*, 41 N. Y. 502; *McCarty* v. *Delaware & Hudson Canal*, 17 Hun, 74.

The plaintiff contends that it was not the exposure or negligence of the assured which caused his death, but the coming upon him of the locomotive engine, the bell or whistle of which may not have sounded; that this was a new force or power which intervened, of itself sufficient to stand as the cause of the misfortune; that it was for the jury to determine whether or not the railroad corporation was negligent; and that, if so, the negligence of the assured, if it existed, was too remote to defeat the policy. *Insurance Co.* v. *Tweed*, 7 Wall. 44, 52. *Milwaukee & St. Paul Railway* v. *Kellogg*, 94 U. S. 469, 475. *Scheffer* v. *Railroad Co.* 105 U. S. 249, 252. But, without speculating as to possible cases, we do not think that the doctrine relied on is applicable to this case. If a person voluntarily places himself in a position where he is exposed to an obvious danger, and the precise injury happens to him which there is reason to fear, it cannot fairly be held that the language of this policy was not intended and understood to be applicable to such a case. For example, if one while walking on a railroad track is assaulted by a robber or a dog, or is struck by lightning, his act of travelling there has

no tendency to produce the injury, and is not to be deemed a contributory cause thereof. But, on the other hand, if one who goes into a battle is hit by a bullet, or if one who goes up in a balloon is blown out to sea by the currents of air, or if one who makes a railroad track his path for travel is run over by a passing locomotive engine, he must ordinarily in any legal question be held to take the risk of those results. There is in each of these cases such an association of cause and effect, that the one must be held to have contributed to the other. To hold that the death of the assured in the present case did not happen in consequence of his exposure to the risk, but from a new force or power which intervened, would be to fritter away the language of the policy by metaphysical distinctions too fine to enter into the understanding or contemplation of parties engaged in the practical business of making a contract of insurance. We must assume that the assured read his policy, and was acquainted with its language and attached some practical meaning to it. See *White* v. *Lang,* 128 Mass. 598; *McGrath* v. *Merwin,* 112 Mass. 467 ; *Norton* v. *Eastern Railroad,* 113 Mass. 366; *McDonald* v. *Snelling,* 14 Allen, 290; *Cluff* v. *Mutual Benefit Ins. Co.* 13 Allen, 308, 319 ; *S. C.* 99 Mass. 317, 329 ; *Harper* v. *Phœnix Ins. Co.* 19 Mo. 506.                    *Judgment on the verdict.*