JOHN L. BEAN, Appellant, v. EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Respondent.

Kansas City Court of Appeals, May 30, and June 13, 1892.

1. **Accident Insurance:** VOLUNTARY EXPOSURE. An accident policy exempted the insurer from liability for any injury occasioned by voluntary exposure to unnecessary danger. The assured, on his way to work, undertook, after waiting ten or fifteen minutes, to pass between cars in a freight train standing at a crossing, though he could have gone around it. He made no investigation as to whether an engine was attached or not. His foot was caught between the drawheads and mashed. *Held*, the limitation of the policy was valid, the exposure voluntary and unnecessary, and no recovery could be had on the policy.

2. **Negligence:** CONTRIBUTORY: CROSSING BETWEEN CARS. To climb over or between stationary cars, without looking to see whether they are attached to an engine or not, is gross negligence, and, in ordinary actions, precludes a recovery for injuries received while making the attempt.

3. **Accident Insurance:** VOLUNTARY EXPOSURE: RULE. To make the assured guilty of a voluntary exposure to danger, he must intentionally do some act which reasonable and ordinary prudence would pronounce dangerous.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Kagy & Bremerman,* for appellant.

(1) To bring the case within the exception pleaded and relied on, the exposure must have been voluntary. It would not be voluntary unless the plaintiff knew of the danger, and intended to run the risk.

There must be design. *Burkhart v. Ins. Co.*, 102 Pa. St. 162; *Schneider v. Ins. Co.*, 24 Wis. 28; *Schneider v. Ins. Co.*, 58 Wis. 13; *Pierce v. Ins. Co.*, 34 Wis. 389; 1 American & English Encyclopedia of Law, 92; *Ins. Co. v. Osborne*, 13 L. R. A. 2, p. 267; *Tuttle v. Ins. Co.*, 134 Mass. 175; Webster (voluntary); May on Insurance [3 Ed.] secs. 530, 531. (2) The condition in the policy relied on as a defense is "voluntary exposure to unnecessary danger." He had a right to expose himself to danger, but not to unnecessary danger, and this was for the jury. In no event would the exposure be voluntary unless he knew there was danger. *Ins. Co. v. Seaver*, 19 Wall. 531; *Burkhart v. Ins. Co.*, 102 Pa. St. 267; *Schneider v. Ins. Co.*, 24 Wis. 28; *Ins. Co. v. Martin*, 32 Md. 313; *Schneider v. Ins. Co.*, 58 Wis. 13; *Champlin v. Pass.*, 6 Lans. (N. Y.) 71; *Stone, Adm'r, v. Casualty Co.*, 36 N. Y. 371; Bliss on Life Insurance, secs. 402–410; *Collins v. Ins. Co.*, 41 Fed. Rep. 506; *Duncan v. Ins. Co.*, 13 N. Y. Sup. 620; *Badenfield v. Ins. Co.*, 13 L. R. A. 263; *Smith v. Railroad*, 2 Am. & Eng. Corp. Cases, 355; *Marx v. Ins. Co.*, 39 Fed. Rep. 321; *Martin v. Ass'n*, 16 N. Y. Sup. 279; *Williams v. Accident Ass'n*, 4 N. Y. Sup. 128; *Tucker v. Ins. Co.*, 4 N. Y. Sup. 505; *Martin v. Ins. Co.*, 15 N. Y. Sup. 209.

*Lathrop, Morrow & Fox*, for respondent.

(1) Negligence and exposure to unnecessary danger are equivalent terms. *Sawtelle v. Passenger Co.*, 15 Blatch. 216; *Tuttle v. Ins. Co.*, 134 Mass. 175; *Cornish v. Ins. Co.*, L. R. 3 Q. B. D. 453; *Ins. Co. v. Jones*, 80 Ga. 541; *Shaffe v. Ins. Co.*, 22 N. E. Rep. 589; *Neil v. Ins. Co.*, 17 Can. 44. (2) The act of climbing over stationary cars, without looking to see whether they were attached to an engine or not, is gross

negligence as a matter of law.  *Hudson v. Railroad,* 101 Mo. 13; *Corcoran v. Railroad,* 105 Mo. 399; *Lewis v. Railroad,* 38 Md. 588; *O'Mara v. Railroad,* 18 Hun, 192; *Copeland v. Railroad,* 61 Ala. 376.

GILL, J.—This is a suit on an accident policy of insurance for the loss of a foot, the amount named in the policy to be paid on that account being $1,000. Plaintiff's foot was mashed off by the coming together of the drawheads or bumpers of two freight cars over which he was attempting to cross. By the terms of the policy the defendant was exempted from liability for any injury occasioned by *"voluntary exposure to unnecessary danger,"* and the defendant, by its answer, interposed the defense that the plaintiff did, at the time the injury occurred, voluntarily expose himself to unnecessary danger; that such exposure brought on the damages complained of, and that it was not, therefore, liable on its contract. At the close of plaintiff's evidence, the court gave a peremptory instruction to the jury that plaintiff could not recover, and from a verdict and judgment thereon in defendant's favor plaintiff appealed.

After a careful consideration of plaintiff's evidence, we concur with the circuit court in holding that plaintiff's injuries resulted from a "voluntary exposure to unnecessary danger" on his part, and that, therefore, under his contract with the defendant corporation, said insurance company was not liable.

The evidence discloses that plaintiff, at the time of the injury, was a resident of Kansas City, Kansas, living on the west side of the Kaw river, and employed at the Armour packing house, east of the river. About six or seven o'clock in the morning, as plaintiff was on his way to work, in passing down Central avenue, going east, he found the Missouri Pacific crossing

obstructed by a train of freight cars; this train was on the main line of the Missouri Pacific railroad, where trains were passing and repassing at all hours of the day and night. Plaintiff waited at the crossing some ten or fifteen minutes, expecting that the train would move on. Some forty or fifty workman had congregated at the same crossing on their way to work. While plaintiff was waiting he heard some one say that the train had broken in two; he made no inquiry as to the truth of the statement, nor as to where the break was located, if there was one; he made no investigation as to whether there was an engine attached to the train or not. After waiting some ten or fifteen minutes, he, along with two others, attempted to cross through the train by climbing upon the drawheads of the freight cars. Plaintiff's two companions passed over in safety, but while plaintiff was in the act of crossing, with his feet upon the drawbars, the cars moved, and plaintiff's foot was caught and crushed, so that the larger portion of the foot had to be amputated. Plaintiff's act, in going through between the cars, was, as he himself testifies, purely voluntary on his part. He could, it seems, have gone around to the end of the train, although he states it would not have been so handy. The train which obstructed the crossing was a regular freight train, due about that time every morning, and one which plaintiff and his fellow workman had frequently encountered on their way to work in the morning.

These facts manifestly establish "voluntary exposure to unnecessary danger." Indeed, it would be difficult to state a case more clearly within these terms. It is said to be undoubted law that the act of climbing over or between stationary cars, without looking to see whether they are attached to an engine or not, is the grossest kind of negligence, and such as will, in ordinary actions, preclude a recovery for injuries received

while making the attempt. *Hudson v. Railroad*, 101 Mo. 31, and authorities cited; *Corcoran v. Railroad*, 105 Mo. 405.

Climbing over these drawheads and freight-car couplings was not a case of the plaintiff going into concealed danger, as in some of the cases cited by plaintiff's counsel, but was that of taking a position *obviously* and *necessarily* dangerous. In the *Burkhead case*, 102 Pa. St. 262, cited by plaintiff's counsel, the court, in defining the exact terms of a policy which we have here, uses this language: "To make him guilty of a voluntary exposure to danger, he must intentionally have done some act which reasonable and ordinary prudence would pronounce dangerous." Is there room for doubt that this performance of entering between these cars was intentional—was *voluntary*;" and is there any question that such act was one which "reasonable and ordinary prudence would pronounce dangerous?" Our own supreme court, in the cases above cited, has characterized such conduct as *gross* negligence. The danger was obvious even to this plaintiff, for he halted at the obstruction for several minutes before attempting so hazardous and perilous a feat. Nor did the fact that through this train and between these cars was the *nearest* route, or the "*handiest*" as plaintiff testified, nor that he was afraid of getting to his work a little late, bring about such an imperative necessity that plaintiff should be excused in thus exposing himself to such obvious peril. The following cases are in point: *Tuttle v. Ins. Co.*, 134 Mass. 175; *Sawtelle v. Railroad*, 15 Blatch. 216; *Cornish v. Ins. Co.*, 23 Q. B. L. R. 453; *Ins. Co. v. Jones*, 80 Ga. 541; *Shaffer v. Ins. Co.*, 22 N. E. Rep. (Ill.) 589.

Cases cited by plaintiff's counsel, which hold that in ordinary insurance policies (where the above-named and similar provisions for exempting the company from

liability do not appear) the plea of negligence on the part of the assured is no defense to the company, have no application here. In such cases no such provision in the contract of insurance, as we have in the case at bar, can be found. Here, the contract between insurer and insured contains an express limitation on the liability of the defendant. It was agreed between the parties that, if injury happened to plaintiff by reason of his voluntarily exposing himself to danger, then the defendant should not be liable. The authorities all agree that the insurance company may thus limit their obligation to pay. 2 May on Insurance [3 Ed.] secs. 530, 531.

As much then as the plaintiff's misfortune may excite our sympathy, yet, on his own testimony and the undisputed facts, he was guilty of voluntarily exposing himself to unnecessary danger, and the defendant was not, therefore, liable on the policy. It is a clear case of non-liability under the undisputed facts, and, hence, the trial court correctly sustained a demurrer to the plaintiff's evidence. Judgment affirmed. All concur.