CASE 55.—ACTION   BY   A.   C.   JOHNSON   AGAINST   THE
        LOUISVILLE   &   NASHVILLE   R.   R.   CO.   FOR
        DAMAGES FOR PERSONAL INJURIES.—March 27.

## Johnson v. Louisville & N. R. R. Co.

Appeal from Warren Circuit Court.

JOHN M. GALLOWAY, Judge.

Judgment   for   defendant.   Plaintiff   appeals.
Affirmed.

1. Railroads—Side Track in Stock Yard—Duty to Trespasser or
   Licensee—Where a railroad company operates a stock yard
   on which it had a side track over which cars moved for the
   shipment of stock, a visitor to such yard who had no business
   there, was either a trespasser or a licensee, and the railroad
   company owed him no duty to keep a lookout for his safety.
   It was under no duty to him to see that its agent or servants
   were not guilty of negligence in the operation of its trains
   on such track.
2. Same—This court has uniformly held that a railroad company
   does not owe any duty to a trespasser or licensee, except to
   save him from peril after it is discovered, if it can be done by
   the exercise of ordinary care.

B. F. PROCTER attorney for appellant.

G. H. HERDMAN and R. L. GREENE of counsel.

### SUMMARY AND AUTHORITIES.

1. The degree of care required in places where the public
are accustomed to be, and in cities.   (L. & N. R. R. Co. v.
Penrod's Adm'r, S. W. 56-1, id. 66-1013; I. C. R. R. Co. v. Hay's
Adm'r, S. W. 84-338; L. & N. R. R. Co. v. Price's Adm'r S. W.
76-836; Nichols v. C. & O. R. R. Co., S. W. 2-181, 8 Rep. 519;
Conley v. C. N. O. & T. P. R. R. Co., 89 Ky. 405, 11 Ky. Law
Rep. 602, S. W. 12-764; Shelby's Adm'r v. C. N. O. & T. P. Co.,
85 Ky. 224, S. W. 3-157).

Johnson v. Louisville & N. R. R. Co.

2. Contributory negligence is a question of fact for the jury. (L. & N. R. R. Co. v. Siebert's Adm'r, S. W. 55-892; I. C. R. R. Co. v. Stith's Amd'r, S. W. 85-1173).

BENJAMIN D. WARFIELD, attorney for appellee.

J. A. MITCHELL, of counsel.

POINTS AND AUTHORITIES.

1. (a). The petition did not state a cause of action. (Embry v. L. & N. R. Co., 18 Ky. Law Rep. 434).

(b). And for this, if for no other reason, the peremptory instruction was proper. (L. & N. R. Co. v. Schweiter, 14 Ky. Law Rep. 855; L. & N. R Co. v. Copas, 95 Ky. 460; L. & N. R. Co. v. Paynter's Adm'r, 26 Ky. Law Rep. 761).

2. At the time and place appellant claims his horse was frightened by the noises made by the switching of the cars by appellee, he was on the private property of appellee, where he had no right or occasion to be, and was therefore a trespasser, and appellee owed him no duty except to use reasonable care to refrain from injuring him after his peril was discovered, which was never done, as conclusively appears from the evidence. (Embry v. L. & N. R. Co., supra; Brown's Adm'r v. L. & N. R. Co., 97 Ky. 228; Hoskin's Admx. v. L. & N. R. Co., 17 Ky. Law Rep. 78; L. & N. R. Co. v. Thornton, 22 Ky. Law Rep. 778; Gherkin's Admx. v. L. & N. R. Co., 17 Ky. Law Rep. 201; Eastern Ky. Ry. Co. v. Powell, 17 Ky. Law Rep. 1051; C. N. O. & T. P: Ry. Co's Receiver v. Jackson, 22 Ky. Law Rep. 630; Jackson's Adm'r v. L. & N. R. Cc., 20 Ky. Law Rep. 309; L. & N. R. Co. v. Hocker, 111 Ky. 707; L. & N. R. Co. v. Bernard, 18 Ky. Law Rep. 672; Goodman's Adm'r v. L. & N. R. Co., 116 Ky. 900; Early's Adm'r v. L. H. & St. L. Ry. Co. 116 Ky. 19; Dilas' Adm'r v. C. & O. R. Co., 24 Ky. Law Rep. 1347; L. & N. R. Co. v. Wade by etc., 18 Ky. Law Rep. 549; L. & N. R. Co. v. Murphy, 6 Ky. Law Rep. 664; Lyter v. L. & N. R. Co. 6 Ky. Law Rep. 223; Johnson v. L. & N. R. Co. 91 Ky. 651; Vertrees v. N. N. & M. V. Co. 95 Ky. 314; Givens v. K. C. R. Co., 12 Ky. Law Rep. 950; L. & N. R. Co. v. Thompson, 14 Ky. Law Rep. 815; K. C. R. Co. v. Gastineau, 83 Ky. 119; Woodyard v. K. C. R. Co., 12 Ky. Law Rep. 801; I. C. R. Co. v. Dick, 91 Ky. 434; McDermott v. K. C. R. Co. 93 Ky. 408; L. & N. R. Co. v. Penrod, 108 Ky. 172; Lackat v. Lutz, 94 Ky. 287).

3. The speed of the train is not material as to one who has voluntarily placed himself on or near a railroad track where he

has no right to be.  (Shackelford v. L. & N. R. Co., 84 Ky. 43; L. & N. R. Co. v. Howard, 82 Ky. 212; L. & N. Co. v. Cox, 8 Ky. Law Rep. 961).

4. Cases cited and relied upon by appellant discussed, and shown not to be applicable to the facts in the case at bar.

5. The judgment of the trial court on a peremptory instruction to find for appellee was clearly proper and should be affirmed.

6. Counsel for appellant practically concede he was a trespasser, but claim a precautionary duty was due him because he was in a city and on a public road, etc.  If he was not at a place where he had a right to be it is immaterial how close or how far away from such point he was.  (See Davis' Adm'r v. C. & O. R. Co., 116 Ky. 157; Simmons v. Gregory, 27 Ky. Law Rep. 511; King v. Creekmore, 25 Ky. Law Rep. 1292).

OPINION OF THE COURT BY JUDGE PAYNTER—Affirming.

The appellant seeks to recover damges because his horse became frightened and caused him to be thrown from his buggy and injured.  He alleges that it was the result of the gross negligence of the defendant, its agents, and servants.  The facts upon which he seeks a recovery may be summarized as follows:  The appellee owned stockyards somewhere in the corporate limits of Bowling Green and a vacant lot adjoining them about as large as an ordinary square in a town.  Upon this lot appellee had a side track over which cars were moved for the purpose of the shipment of stock.  The track terminated on the vacant lot, but appellee did not have a butting post at the end of it.  On the occasion in question a box car was standing near the end of the side track, which was kept on it by means of a cross-tie laid on the track.  An engine with a number of box cars attached to it backed in on the side track and struck the box car with such violence that it was forced entirely beyond the end of the track, and the collision made

such noise that it frightened appellant's horse and thus caused the injury complained of. The evidence tends to show that the engine backed in at a rapid rate of speed, and caused the cars to collide with great force, and made a very loud and unusual noise. A friend of the appellant invited him to drive to the stockyards, where he wanted to see a brother in regard to some financial matters The appellant and his friend were both in the buggy, which had been standing for about five minutes on the vacant lot at a point between the box car and the entrance of the stockyards.

The appellant had no business whatever at the stockyards or with the appellee, but simply drove there at the invitation of his friend. His friend had no business with the appellee or at the stockyards with refernce to any business conducted there. The appellant was either a trespasser or licensee upon appellee's vacant lot, as he was not there on any business connected with the stockyards or with the appellee. The appellee did not maintain the stockyards or keep its vacant lot for the pleasure of persons who might be led there by curiosity or for social enjoyment. They were maintained for business purposes, and those who were called there by business with the appellee were there as by invitation and the appellee owed them a duty to save them from injury by the negligence of its agents, servants, or employees. As the appellant was there as a trespasser or licensee, the appellee owed him no duty to keep a lookout for his safety. It was under no duty to him to see that its agents or servants were not guilty of negligence in the operation of its trains upon the side track. Of ocurse, in making this statement, the court does not want to be understood as saying that, if those

in charge of the train on the side track had dis-
covered appellant on it, it would not have been their
duty to have exercised ordinary care to have rescued
him from his peril. The appellant, while on appel-
lee's vacant lot as a licensee, cannot complain of the
speed with which the train on the side track is
operated, nor as to the manner in which the cars may
be handled or bumped together. This court has uni-
formly held that the railroad company does not owe
any duty to a trespasser or licensee, except to save
him from his peril after it is discovered, if it can be
done by the exercise of ordinary care. However, the
rule is subject to this qualification that in cities and
towns it is the duty of those in charge of a train to
keep a lookout and give warnings of its approach, so
that those who may, with or without right, be upon
the track may be warned of the train's approach and
thus save themselves from injury. This court has so
often ruled in the manner above indicated that we
deem it unnecessary to cite the cases. Depots are
established and maintained for the use of those who
may have business with the railroad and for those
who take passage on trains and for those who leave
them. Stockyards are maintained for the purpose of
the shipment of stock, and persons are invited there
by the railroad company who desire to transact busi-
ness for the conduct of which the yards are
established. Depots must be maintained in a reason-
able safe condition for the use of those who are called
there to transact business with the railroad company.
Likewise stockyards must be kept in a reasonably
safe condition, and ordinary care must be exercised
in their maintenance and use so as to avoid injuring
persons who may be called there to transact business

with the person or corporation owning or controlling them.

Thompson on Negligence, vol. 1, section 1004, reads as follows: "But persons using the station merely by permission or sufferance, for example, those taking shelter in a storm, cannot claim from the railroad company the exercise of even ordinary care; but they enjoy the license subject to its perils. Thus, it has been held that a foot traveler, injured in the dark by falling through an open trapdoor while crossing the platform of a railroad station which the company allows people to use as a short cut between public streets, cannot recover damages from the company, although no light or barrier was placed at the opening. Similarly, a crowd having gathered at a railway station to witness the arrival of the President of the United States, the company was held not liable to one of this number who was injured by the breaking down of the platform, even though the floor was not in a proper state of repair for its ordinary use. One who desires to take passage upon the cars must exercise his right to enter and remain in a station house, in conformity with the due and reasonable regulations of the company as to his conduct while there; and he cannot exercise it until a reasonable time next prior to the departure of the train on which he intends to go. What is such a reasonable time depends upon the circumstances of each particular case. So, a person making a friendly visit to a telegraph operator in a railway station has no right of action for an injury received in consequence of the station being demolished by a collision of trains." In Post v. Texas P. Ry. Co., 23 S. W. 708, the Court of Civil Appeals of Texas held that a railroad company is under no obligation to keep a

platform about its .depot in a safe condition for a boarding house keeper who goes there to meet incoming trains for the purpose of securing boarders. This conclusion is based upon the theory that, as no obligation or duty toward the plaintiff existed, the defendant could not be guilty of violating any obligation or duty towards the injured party.   The same principle was enunciated in Johnson· v. Boston & Maine R. R. Co., 125 Mass. 75, and also in the case of Pittsburg, Ft. Wayne & Chicago Ry. Co. and Pennsylvania R. R. Co. v. Emily Bingham, Administratrix, 29 Ohio St. 364.   Our conclusion is that the appellee did not owe appellant any duty at the time he received his injury; hence there could not have been a breach of duty by negligence in permitting the cars to collide with unusual force and noise.

The judgment is affirmed.