SARAH E. PHILLIPS, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Court of Appeals, June 2, 1891.*

1. *Appeal.  Charge.*—An error in a refusal to charge is cured by a subsequent compliance with the request.
2. *Same.*—Erroneous instruction, *it seems*, can be effectually cured only by its withdrawal in terms so explicit and unequivocal as to preclude the inference that the jury may have been influenced by them.
3. *Same.*—A trial judge may, where the counsel of both parties are present, recall the jury and further charge them, or correct any supposed error in the charge or in the refusals to charge.
4. *Negligence.  Cause.*—A party will not be denied the right of recovery in an action for an injury alleged to have been caused by negligence, where the injury is attributable to two proximate causes, one of which is the negligence of the defendant, and the other an occurrence happening without the former's fault.

Appeal from judgment entered upon order of the general term of the supreme court, affirming judgment entered on a verdict in favor of the plaintiff.

The action was brought to recover damages for personal injuries suffered by the plaintiff, and alleged to have been occasioned by the negligence of the defendant.

In April, 1886, the plaintiff in a wagon drawn by a horse driven by Sebastian Putnam, her father, was going easterly, crossing the defendant's railroad tracks on State street in the city of Schenectady; the horse became frightened and unmanageable, and the plaintiff was thrown from the wagon and injured.   There was a gate in the street on each side of the railroad operated by the company to prevent travellers entering upon the tracks on the approach and passage there of its engines and trains.   The wagon passed through the

west gate without interruption; and the defendant's servant proceeded to lower the eastern gate while the wagon was on the track; and the difficulty occurred at that gate. Immediately on passing under it one of the lines or reins broke; the horse turned suddenly and upset the wagon, causing the injury.

*S. W. Jackson*, for appellant.

*D. M. Chadsey*, for respondent.

BRADLEY, J.—The case as represented by the record, although a close one upon the evidence, presented questions of fact for the jury, The motion for nonsuit was properly denied.

The defendant's counsel requested the court to charge the jury " that it was the duty of the defendant to give notice of the approach of its engines to travellers on the public streets approaching its tracks." The court in declining to so charge remarked that it was a very proper thing for the company to do. Exception was taken, and the court was also requested to charge that if the plaintiff should be held entitled to recover the jury must not allow her any damages for or on account of any inability to labor in the past or present, although such inability may have been caused by the injuries in question. This the court declined to charge, and the defendant excepted.

The last request was founded on the fact, which had appeared, that the plaintiff was a married woman. To obviate those exceptions the jury, by the request and consent of the plaintiff's counsel, were, soon after their retirement, for consultation, recalled into court by the justice presiding and charged, and both of such propositions were submitted to them as the defendant's counsel had requested. The counsel of the parties were then present; and it was legitimately within the power of the court to recall the jury and

further charge them or to correct any supposed error in the charge as made or in refusal to charge. But erroneous instructions can be effectually cured only by their withdrawal in terms so explicit and unequivocal as to preclude the inference that the jury may have been influenced by them. Chapman *v.* Erie Railway Co., 55 N. Y. 579 ; Greene *v.* White, 37 Id. 405.

In the present case the correction sought to be made was not of the charge, but was in the refusal to submit to the jury certain propositions, and when they were charged fully in compliance with the requests of the defendant's counsel it must be assumed that the instructions embraced in them were received by the jury as effectually as if the court had not previously declined to so charge them. It is not seen that the effect of the charge, as made in those respects, may have been qualified by the consent of the plaintiff's counsel to the correction.

Assuming, therefore, that there was error in the refusal, it was cured by the subsequent compliance with the requests. The court was requested and declined to charge " that if the proximate cause of the injury of the plaintiff was the breaking of a defective rein, the plaintiff is not entitled to recover ; " and exception was taken by the defendant's counsel. It may be assumed that the plaintiff would have escaped injury if the rein had not broken. No evidence appears that it was defective unless the inference may have arisen from the fact that it did break. The witnesses differed materially in their evidence of the circumstances attending the passage of the horse and wagon from the tracks of the railroad through the east gate.

There was, however, evidence on the part of the plaintiff that at that particular time the gate was being lowered ; and that it came in collision with the horse in his passage under it. These questions were submitted to the jury without exception. And the court charged the jury to the effect that unless it did collide with or hit the horse the plaintiff was

not entitled to recover. This, therefore, was treated as an important question of fact in the case. And the conclusion was warranted by the evidence that the horse was from that cause frightened, and proceeded to run; that the driver applied his strength to the reins to check the speed of the horse, hold and manage him; and that in the emergency one of the reins gave way. The jury specifically found that the gate was then being lowered, and did hit the horse; and it may be assumed that they also found that this rendered the horse unmanageable, and caused the situation from which resulted the calamity, although the immediate cause may have been the inability of the driver to control the course of the horse occasioned by the breaking of the rein, thus causing or permitting him to make so short a turn as to upset the wagon and throw the plaintiff out of it. The facts so found may have been a proximate cause of the injury; and it may be that they produced a condition which required strong reins for protection against the injury which followed. This was not, therefore, necessarily attributable solely to the breaking of the rein, which may have been one of two proximate causes, and in that view, if the latter occurred without fault of the plaintiff, she would not be denied the right of recovery. Ring *v.* City of Cohoes, 77 N. Y. 83. There is no support for imputation of negligence to the plaintiff. She was a mere passenger with the driver of the horse, and if any fault was attributable to him she was not charged with it. Robinson *v.* N. Y. C. & H. R. R. R. Co., 66 N. Y. 11; Dyer *v.* E. Ry. Co., 71 Id. 228.

It is difficult to disconnect the breaking of one of the lines used to control the horse from the situation which, in view of the facts specially found, caused the unusual strain upon them for the management of the animal, and without the application of those facts there was in the view of the court nothing to charge the defendant with negligence and liability. If, however, the breaking of the rein, whether defective or not, was the sole proximate cause of the injury,

Opinion of the Court, by BRADLEY, J.

the plaintiff could not recover. But the conclusion of the proposition which the court was requested to charge, was made dependent upon the fact that the rein was found to have been defective, and for that reason not adequate to the use which the situation produced by the causes before mentioned required. It may be assumed that if the request had been to charge that if the breaking of it was the only proximate cause of the injury the plaintiff could not recover, the court would have so instructed the jury. And treating the import of the proposition which the court was requested to submit to the jury, such as to direct their attention to the sole proximate cause of the calamity, the question arises whether there was any support for the suggestion that the rein was defective. The break was concededly a fresh one; and so far as appeared by the evidence the rein was in good condition. There was no opportunity to impute negligence to the driver for using the lines in driving the horse; and the breaking of it may be accounted for by the strength applied in suddenly jerking upon the line to control the horse on the occasion. It may be that reins larger and stronger could have been procured, but that did not characterize this one as defective. The evidence did not warrant the conclusion that the rein which broke was defective.

No question is raised by any exception to the charge as made. And in view of the facts specially found by the jury, no other question requires consideration.

The judgment should be affirmed.

All concur.

---

NOTE.

See further on correcting error in charge, Parkes *v.* Stafford, 61 Hun, 623 ; Smith *v.* Ruggles, 50 Id. 606 ; People *v.* Hill, 49 Id. 432 ; Mayor, etc., *v.* Mott, 60 Id. 423 ; Pollock *v.* Brooklyn & C. R. R. Co., Id. 584 ; Chace *v.* Vanderwerf, 54 Id. 635; Mortimer *v.* N. Y. E. R. Co., 57 Supr. 244; Goodwin *v.* Burke, 57 Hun, 592; Hart *v.* Ryan, 53 Id. 638; People *v.* Terrell, 58 Id. 602; Kellogg *v.* American Mfg. & Sup. Co., 57 Id. 588.