MARY A. VAN VRANKEN, Respondent, *v.* THE VILLAGE OF CLIFTON SPRINGS, Appellant.

*Personal injuries — the negligence of a driver not imputed to his companion.*

Where it is shown upon the trial of an action, brought to recover damages for personal injuries sustained by reason of the defendant's alleged negligence, that the plaintiff sustained the injuries complained of while driving with another in a buggy, and that the plaintiff at the time of the accident had no control over the horse, the contributory negligence, if any, of the person with whom she was driving is not imputable to the plaintiff.

APPEAL by the defendant, The Village of Clifton Springs, from an order of the Supreme Court, made at the Ontario Circuit and entered in the office of the clerk of the county of Ontario on the 22d day of May, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Edwin Hicks*, for the appellant.

*Frank Rice*, for the respondent.

LEWIS, J.:

The plaintiff recovered a verdict of $1,200 against the defendant, a municipal corporation, for personal injuries received by being thrown from a carriage in the night time, caused by the vehicle coming in contact with a pile of refuse in one of the streets of the village.

The proprietor of the Clifton Springs Sanitarium had been engaged in the construction of a building fronting upon the street, and had placed a large quantity of material, consisting of brick, stone, etc., alongside of the gutter in the traveled part of the main street of the village. It had remained there for a month or two prior to and at the time of the accident.

The plaintiff, at the invitation of a Mr. Newton, was riding with him at the time of the accident, about one o'clock in the morning of the 20th of September, 1893. The horse and buggy were owned by Mr. Newton and he was driving the horse at the time, the plaintiff being seated in the buggy with him. The right wheels of the carriage ran upon this pile of rubbish. The wagon was overturned and the plaintiff received quite serious injuries. The night was

dark; the only light was that which came from the stars. The pile of rubbish was in the shadow of trees and buildings. There was no lamp or other light upon it to give notice to travelers, and had not been during the night. The negligence of the defendant was established beyond any question.

As to the contributory negligence of the plaintiff, the horse was gentle, and was going at the time at a moderate gait. It was a top buggy with side curtains and the top was up.

The circumstances of the accident, as testified to by the plaintiff, tended to show that she was free from negligence contributing to her injuries. The plaintiff being in the buggy at the invitation of Mr. Newton, and having no control over the horse, the negligence of Mr. Newton, if any, contributing to the accident would not be imputable to the plaintiff. (*McCaffrey* v. *D. & H. C. Co.*, 16 N. Y. Supp. 495.)

Whether Newton was guilty of negligence contributing to the accident was a question of fact for the jury and their verdict was conclusive upon that question.

We find nothing in the exceptions of the defendant calling for a reversal of the order. The verdict, we think, was fully sustained by the evidence, and the order appealed from should be affirmed and judgment directed for the plaintiff upon the verdict.

DWIGHT, P. J., and BRADLEY, J., concurred.

Order affirmed and judgment directed on the verdict for the plaintiff.