THE CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN
ERROR, v. PETER HOIMARK, DEFENDANT IN ERROR.

On error to the Essex Circuit.

PER CURIAM.

This suit (like that of Charles Lambertson, just decided),
was brought for personal injuries received in a collision be-
tween a car of the defendant and a horse and wagon driven
by Charles Lambertson, and in which the plaintiff was riding.

Aside from the matters discussed in the case of Charles
Lambertson, the only point calling for mention is the alleged
refusal to charge that the contributory negligence of the
driver was imputable to the plaintiff.

The sole ground on which the plaintiff could be charged
with the driver's negligence was that, at the time of the col-
lision, the driver was a partner of the plaintiff and engaged
in partnership business.

The testimony by no means makes it clear that the driver
was then so engaged, and the judge charged the jury as fol-
lows: "They were partners, and so far as partnership busi-
ness is concerned each partner is an agent of the other mem-
bers of the firm. Whether they were engaged at that time
in any partnership matters, or whether the journey through
Broad street to Centre market was for the benefit solely of
Lambertson, is a question of fact for you to determine. If
you find that, at the time the accident occurred, the relation
between Lambertson and the plaintiff was that of principal
and agent, then I charge you that the negligence of Lam-
bertson may be imputed to the plaintiff and so became his
negligence."

Under the circumstances of the case we think this charge
fairly presented to the jury the matter for their consideration,
and the assignment of error directed against the refusal to

charge absolutely that the driver's negligence was imputable to the plaintiff, cannot be sustained.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, COLLINS, DEPUE, DIXON, GUMMERE, LUDLOW, VAN SYCKEL, BOGERT, HENDRICKSON, NIXON. 10.

*For reversal*—None.