FANNY SHULTZ *vs.* OLD COLONY STREET RAILWAY COMPANY.

Bristol. October 23, 1906. — January 1, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence,* Imputed.

If one, while being driven in a carriage as a guest of the person driving, is injured by a collision on a public way caused directly by the negligence of a third person, to which negligence on the part of the driver contributed, he may recover against the negligent third person in spite of the negligence of the driver if personally he was in the exercise of all the care which ordinary caution requires.

If one has accepted an invitation of a friend to be driven by him in his carriage and in entering the vehicle and continuing in it has acted with reasonable caution, having no ground to suspect incompetency or to anticipate negligence on the part of the driver, and while so being driven is injured by a collision on a public way caused directly by the negligence of a third person, which would not have happened unless the driver also had been negligent, and if the impending danger was so sudden or of such a character as not to require or permit any act for his own protection, the guest may recover from the negligent third person for his injuries.

TORT for personal injuries caused by the collision of an electric car of the defendant with a carriage in which the plaintiff was being driven. Writ dated February 3, 1903.

At the trial in the Superior Court before *Hitchcock,* J. there was evidence introduced by the plaintiff tending to show that the plaintiff was being driven in a carriage by a friend, one Barembaum, on Pleasant Street in the city of Fall River; that Barembaum owned the horse and carriage and " was giving her a ride to her home"; that the plaintiff in no way interfered with Barenbaum's driving, in no manner controlled him or directed how he should drive, but left the driving to him; that the carriage was within the tracks of the defendant's railway and was going toward the city; that the car of the defendant was running behind it and without any warning ran into the hind wheels of the carriage as the carriage was leaving the tracks.

The evidence offered by the defendant tended to show that the carriage was being driven along the right hand side of the street out of the tracks, and then was turned across the tracks suddenly, and the car and the hind wheel of the wagon came in collision.. The plaintiff offered evidence to show that, even if the carriage had been turned from the right hand side of the street suddenly across the tracks, still the horse was moving so slowly and the car was moving so rapidly that, before the horse and the forward wheels of the wagon were brought across, the motorman could have stopped the car before he travelled the distance required to reach the hind wheels of the wagon, and that he was negligent because he did not do so. This was contradicted by the defendant's evidence.

Upon this evidence the plaintiff asked the judge to rule:

1. That, if the plaintiff was not negligent in riding in the carriage and if the plaintiff in no way controlled the driver or directed the manner in which he should drive, then the plaintiff can recover if the defendant's motorman was negligent and if his negligence in any way contributed to the collision, and the fact that the driver of the carriage in which the plaintiff sat might also have been negligent is immaterial.

2. That, if at the time of this accident the plaintiff was in the exercise of due care and the defendant's motorman was not, the verdict must be for the plaintiff.

The judge refused to rule as requested, but instructed the jury on these points as follows:

" In this case, as in other tort cases which you have had, the

burden of proof is upon the plaintiff to satisfy you by a fair preponderance of the evidence, first, that she was in the exercise of due care; second, that the defendant, by its motorman or conductor or whoever was in charge of the car, was negligent; and, third, that the injuries that she complained of were received and were the result of the accident that happened and were the result of the negligence and carelessness of the defendant, and that she herself did not contribute towards the injuries which she claims to have received.

" The first question is, Was the plaintiff herself in the exercise of due care? She claims that she was riding in this buggy or carriage, which was being driven by a man of her acquaintance, over whom she exercised no control, and gave no directions as to the way in which he should drive the carriage; she trusted herself evidently to him; and that brings up an important question which enters into the question of her due care, and that is the question of the due care or carelessness of the driver of the team; for riding as she claims to have ridden, the driver of the team is the one whose conduct is to be inquired into, as to whether he was careful or careless in driving that team. If he was careless in driving it, and if his carelessness contributed to the injury which the plaintiff claims to have received, then the plaintiff is bound by his carelessness and would not be entitled to recover. If he was careful in driving and she was careful on her part, then of course the question of due care on the part of the plaintiff would be sustained."

After discussing the question whether the carriage was being driven negligently, the judge said:

" Of course if you should find that the plaintiff was not in the exercise of due care, or this person who was driving the buggy was not in the exercise of due care, why the plaintiff cannot recover. The plaintiff has not sustained the burden of proof upon the first proposition."

The plaintiff took no exception, except to the refusal of the judge to give the above rulings requested by her, and to the paragraph of the charge last quoted above, and also to the rest of the charge wherein it was inconsistent with the rulings requested. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*D. R. Radovsky*, for the plaintiff.

*J. M. Swift*, for the defendant.

RUGG, J.    This case fairly raises the question as to whether the negligence of the driver of a vehicle is to be imputed to a guest, riding with him gratuitously and personally in the exercise of all the care, which ordinary caution requires.    The first case in our own court, which occasioned any discussion as to the identification of a passenger with a driver, was *Allyn* v. *Boston &amp; Albany Railroad*, 105 Mass. 77.    The injuries out of which that action grew were received at a crossing at grade of a highway and steam railroad.    The plaintiff personally failed to exercise any care for his own safety at a place so well recognized as one of danger, and sought to recover by screening himself behind the due care of the driver.    The court says respecting this contention: "If the plaintiff failed to use the care which prudence required, relying upon the vigilance of his companion, he must prove that Haskell was in the exercise of due care, not only in the management of his horse, but in using the necessary precautions to guard against danger from passing trains."

The subject was next before the court in *Randolph* v. *O'Riordon*, 155 Mass. 331.    Here one of the plaintiffs hired a hack of one of the defendants for the purpose of attending a funeral, and exercised no control over the actions of the driver of the carriage other than the purpose of hiring indicated.    The injury occurred by reason of the negligence of the driver of the hack, in which the plaintiffs were riding, and the concurring negligence of the driver of another carriage.    After repudiating the doctrine of *Thorogood* v. *Bryan*, 8 C. B. 115, and referring with approval to *Little* v. *Hackett*, 116 U. S. 366, 375, and quoting from *Allyn* v. *Boston &amp; Albany Railroad* the sentence above quoted, the court proceeds: "This was very different from saying that Haskell's negligence was to be imputed to the plaintiff, if he had been a passenger in a hack of which Haskell was the driver.    It was merely saying that if, in a dangerous place, one person trusted another person to look out for him, he must show that such person used due care."

In *Murray* v. *Boston Ice Co.* 180 Mass. 165, the lower court was asked to rule "That if the accident was not due to the negligence of the defendant's driver alone but was due partly also

to the negligence of the plaintiff's driver, Marshallen, he could not recover." This was refused, but it was ruled that if the plaintiff " ' trusted to Marshallen the sole care and management of the team in which they were riding, and relied solely on the care and vigilance of Marshallen,' then he must show due care on Marshallen's part." This instruction was held correct. And it was further said that the court did not mean to give the Allyn case " any further sanction than it now has."

*Yarnold* v. *Bowers*, 186 Mass. 396, was a case of collision at night upon a small lake between an unlighted rowboat not pursuing any regular course and a lighted steamer pursuing a regular course. It appeared that the plaintiff's intestate was standing in the rowboat at the time of the accident, when the danger was impending, obviously a careless thing to do, and failed to make any outcry or display any light or do anything for his own protection, and, so far as the rowing was concerned, trusted the entire charge of the boat to one Thorn, who was negligent. The court held that the case fell within the rule of *Allyn* v. *Boston & Albany Railroad.*

In *Sullivan* v. *Boston Elevated Railway*, 185 Mass. 602, 606, in *Tilton* v. *Boston & Albany Railroad*, 169 Mass. 253, in *Robbins* v. *Fitchburg Railroad*, 161 Mass. 145, in *Evensen* v. *Lexington & Boston Street Railway*, 187 Mass. 77, and on one branch of his claim in *Halloran* v. *Worcester Consolidated Street Railway*, 192 Mass. 104, the plaintiff based his own case upon the due care of the driver of the vehicle in which he was riding, thereby adopting the driver's acts as his own. In *Creavin* v. *Newton Street Railway*, 176 Mass. 529, and *LeBlanc* v. *Lowell, Lawrence, & Haverhill Street Railway*, 170 Mass. 564, the question of identification did not arise, as there was evidence in each case tending to show that the plaintiff actively exercised due care. The decision in *Kane* v. *Boston Elevated Railway*, 192 Mass. 386, was put upon the ground that the negligence of the defendant was not the cause of the accident to the plaintiff.

Imputed negligence has been the cause of somewhat conflicting decisions at various times in different jurisdictions. The doctrine had its rise in *Thorogood* v. *Bryan*, 8 C. B. 115, which held that a passenger of one common carrier could not recover against a third person, whose negligence contributed to his injury, in the

event that the negligence of the transporting carrier was a concurring cause of the injury. This case decided in 1849 has been overruled in England in *The Bernina*, 12 P. D. 58; *Mills* v. *Armstrong*, 13 App. Cas. 1. Although cited as a supporting authority in *Allyn* v. *Boston & Albany Railroad*, it was distinctly repudiated by this court in *Randolph* v. *O'Riordon*, 155 Mass. at page 337. The rule of *Thorogood* v. *Bryan* was early adopted in Wisconsin and has continuously prevailed there. *Houfe* v. *Fulton*, 29 Wis. 296. *Prideaux* v. *Mineral Point*, 43 Wis. 513. *Otis* v. *Janesville*, 47 Wis. 422. *Olson* v. *Luck*, 103 Wis. 33. *Lightfoot* v. *Winnebago Traction Co.* 123 Wis. 479. The Wisconsin court has made no distinction between a passenger of a common carrier and one riding gratuitously as the guest of the driver. It is the law of Michigan also that where a person of years of discretion voluntarily enters the private conveyance of another and is injured by the carelessness of the person in charge of the conveyance concurrently with the negligence of a third person, the plaintiff is precluded from recovery against such third person. *Lake Shore & Michigan Southern Railroad* v. *Miller*, 25 Mich. 274. *Schindler* v. *Milwaukee, Lake Shore & Western Railway*, 87 Mich. 410. *Cowan* v. *Muskegon Railway*, 84 Mich. 583. In *Mullen* v. *Owosso*, 100 Mich. 103, however, there was a vigorous dissenting opinion. This rule has been limited by the Supreme Court of Michigan so as to apply only to adults, the distinction being based upon the fiction that in such cases the relation of principal and agent exists, and it has been held that if the infant was so young as to lack the capacity to make the driver, at whose invitation she is riding as a guest, her agent, and where there is no evidence that either party supposed that such relation existed as a matter of fact, then the guest is not prevented from recovery by the neglect of the stranger at whose invitation she rides. *Hampel* v. *Detroit, Grand Rapids & Western Railroad*, 138 Mich. 1. The rule has been further limited so as not to apply to injuries received by one himself in the exercise of due care riding upon a fire engine injured by the concurring negligence of a motorman of the defendant and the driver of the engine in which the plaintiff was riding, following the same rule adopted by this court in *Murray* v. *Boston Ice Co.* 180 Mass. 165, *McKernan* v. *Detroit Citizens' Street Railway*, 138 Mich. 519;

and it does not apply to a passenger of one common carrier injured by the concurring negligence of it and another common carrier. *Cuddy* v. *Horn*, 46 Mich. 596, 602. The authority of the Wisconsin and Michigan cases prevailed upon the court of Montana to adopt the same rule. *Whittaker* v. *Helena*, 14 Mont. 124. Although *Thorogood* v. *Bryan* does not appear to have been called to the attention of the court in *Carlisle* v. *Sheldon*, 38 Vt. 440, the Supreme Court of that State has held any want of ordinary care on the part of a driver of a vehicle on the highway attributable to the one riding with him as guest.

In Pennsylvania the rule of *Thorogood* v. *Bryan* was at first adopted. *Lockhart* v. *Lichtenthaler*, 46 Penn. St. 151. *Philadelphia & Reading Railroad* v. *Boyer*, 97 Penn. St. 91. But these earlier cases have been overruled recently in *Dean* v. *Pennsylvania Railroad*, 129 Penn. St. 514, 520; *Bunting* v. *Hogsett*, 139 Penn. St. 363, 375; *Little* v. *Central District & Printing Telegraph Co.* 213 Penn. St. 229. It has never been applied in that State to cases like the one at bar, where the plaintiff has always been permitted to go to the jury. *Carlisle* v. *Brisbane*, 113 Penn. St. 544. *Carr* v. *Easton*, 142 Penn. St. 139.

The unbroken line of authority in all the other States in the Union is opposed to this reasoning. With some modifications in its application to particular cases, the general rule is that where the injured person and the driver do not occupy the position of master and servant, passenger and carrier, parent and child, and where the plaintiff is himself in the exercise of due care, having no reason to suspect carelessness or incompetency on the part of the driver, and is injured by the concurring negligence of the driver of the vehicle and some third person, the guest is not precluded from recovery against the third person by reason of the negligence of the driver. In *Elyton Land Co.* v. *Mingea*, 89 Ala. 521, the court says at page 528: "The rule must be regarded as now fully settled, both in England and America, and certainly in this State, that the negligence of the driver of a vehicle can not be imputed to a passenger therein, when the passenger is free from personal negligence, and has no control over the driver, and has not been guilty of any want of care in his selection." The facts in this case were somewhat similar to

those in *Murray* v. *Boston Ice Co.* 180 Mass. 165, but the statement of the governing principle here and in the two following cases clearly include facts like those now before us. *Birmingham Railway & Electric Co.* v. *Baker,* 132 Ala. 507, and *Vormus* v. *Tennessee Railroad,* 97 Ala. 326, 331. In *Colorado & Southern Railway* v. *Thomas,* 33 Col. 517, the rule was laid down, as applicable to occupants of private conveyances, that in case of a person injured by the negligence of a defendant, and the contributory negligence of one with whom the injured person is riding as guest or companion, such negligence was not imputable to the injured person ; although the exception to this rule was recognized that when the injured person was in a position to exercise authority or control over the driver, or was guilty of negligence, or failed " to exercise such care under the circumstances as he could, and should, exercise under the particular circumstances, to protect himself," there could be no recovery. The same rule has been declared by the Supreme Court of Arkansas, in *Hot Springs Street Railroad* v. *Hildreth,* 72 Ark. 572. In Illinois in cases like the one at bar the negligence of the driver is not imputed to the guest. *Consolidated Ice Machine Co.* v. *Keifer,* 134 Ill. 481, 492. *Wabash, St. Louis & Pacific Railroad* v. *Shacklet,* 105 Ill. 364. *West Chicago Street Railroad* v. *Dougherty,* 209 Ill. 241. *Christy* v. *Elliott,* 216 Ill. 31.

A long series of decisions in Indiana supports the same view. It is forcibly expressed in *Knightstown* v. *Musgrove,* 116 Ind. 121, at page 123, as follows : " The general principle deducible from the decisions is, that one who sustains an injury without any fault or negligence of his own, or of some one subject to his control or direction, or with whom he is so identified in a common enterprise as to become responsible for the consequences of his negligent conduct, may look to any other person for compensation whose neglect of duty occasioned the injury, even though the negligence of some third person with whom the injured person was not identified as above may have contributed thereto. . . . Before the concurrent negligence of a third person can be interposed to shield another whose neglect of duty has occasioned an injury to one who was without personal fault, it must appear that the person injured and the one whose negligence contributed to the injury sustained such a relation to each

other, in respect to the matter then in progress, as that in contemplation of law the negligent act of the third person was, upon the principles of agency, or co-operation in a common or joint enterprise, the act of the person injured. Until such agency or identity of interest or purpose appears, there is no sound principle upon which it can be held that one who is himself blameless, and is yet injured by the concurrent wrong of two persons, shall not have his remedy against one who neglected a positive duty which the law enjoined upon him." *Michigan City* v. *Boeckling*, 122 Ind. 39. *Louisville, New Albany & Chicago Railway* v. *Creek*, 130 Ind. 139. *Chicago, St. Louis & Pittsburgh Railroad* v. *Spilker*, 134 Ind. 380. *Lake Shore & Michigan Southern Railway* v. *McIntosh*, 140 Ind. 261, 272. *Indianapolis Street Railway* v. *Johnson*, 163 Ind. 518.

The Supreme Court of Iowa follows the same rule, using the language at page 319 in *Nesbit* v. *Garner*, 75 Iowa, 314, after saying that the relation of principal and agent must exist in fact in order to bar a recovery, that "The law will not create or presume the relation from the mere fact that he accepted the invitation of another to ride in his carriage. If he is but the guest of the other, and neither has nor assumes the right to direct or control the conduct of the driver, neither he nor the owner can be regarded as his servant." The like doctrine has been adopted in Kansas, *Leavenworth* v. *Hatch*, 57 Kans. 57; and in Kentucky, in *Cahill* v. *Cincinnati Railway*, 92 Ky. 345, 355. See also *Louisville Railway* v. *Anderson*, 76 S. W. Rep. 153. The same rule has been followed in *State* v. *Boston & Maine Railroad*, 80 Maine, 430, 446, and *Neal* v. *Rendall*, 98 Maine, 69. An exception appears to exist in Maine, not founded on principle, but based upon statutory provisions, in actions against municipalities for injuries caused by defects in highways, where it is held that the rider even though a guest is responsible for the negligence of the driver. *Barnes* v. *Rumford*, 96 Maine, 315. In Minnesota the rule respecting imputed negligence, excepting where the relation of parent and child or guardian and ward exists, is that "Negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right or power to control it. If, however, two or more persons unite in

the joint prosecution of a common purpose under such circumstances that each has authority, expressed or implied, to act for all in respect to the control of the means or agencies employed to execute such common purpose, the negligence of one in the management thereof will be imputed to all the others." *Koplitz* v. *St. Paul*, 86 Minn. 373.    *Teal* v. *St. Paul City Railway*, 96 Minn. 379.    *Cunningham* v. *Thief River Falls*, 84 Minn. 21.

The same general rule prevails in Missouri: *Dickson* v. *Missouri Pacific Railway*, 104 Mo. 491, 504; *Holden* v. *Missouri Railroad*, 177 Mo. 456; *Johnson* v. *St. Joseph*, 96 Mo. App. 663; and in Maryland, *Baltimore & Ohio Railroad* v. *State*, 79 Md. 335, 344.    See *Consolidated Gas Co.* v. *Getty*, 96 Md. 683; *United Railways* v. *Biedler*, 98 Md. 564; and in New Hampshire, *Noyes* v. *Boscawen*, 64 N. H. 361, 368, 369; in California, *Bresee* v. *Los Angeles Traction Co.* 85 Pac. Rep. 152; and is supported by a long line of cases in New York, beginning with *Robinson* v. *New York Central & Hudson River Railroad*, 66 N. Y. 11.    In *Brickell* v. *New York Central & Hudson River Railroad*, 120 N. Y. 290, a case like *Allyn* v. *Boston & Albany Railroad, ubi supra*, the rule is held to be applicable only to cases where " the relation of master and servant or principal and agent does not exist, or where the passenger is seated away from the driver or is separated from the driver by an enclosure and is without opportunity to discover danger and to inform the driver of it. . . . It is no less the duty of the passenger, where he has the opportunity to do so, than of the driver, to learn of danger and to avoid it if practicable."    But generally in New York, the guest has not been barred of recovery by the negligence of the driver as matter of law, the circumstances in each case having been held to be such as to make the plaintiff's due care a question of fact.    See *Robinson* v. *Metropolitan Street Railway*, 91 App. Div. (N. Y.) 158, affirmed in 179 N. Y. 593; *Van Vranken* v. *Clifton Springs*, 86 Hun, 67; *Morris* v. *Metropolitan Street Railway*, 63 App. Div. (N. Y.) 78; *Dyer* v. *Erie Railway*, 71 N. Y. 228; *Masterson* v. *New York Central & Hudson River Railroad*, 84 N. Y. 247; *Phillips* v. *New York Central & Hudson Railroad*, 127 N. Y. 657, 660; *Strauss* v. *Newburgh Electric Railway*, 6 App. Div. (N. Y.) 264; *Bailey* v. *Jourdan*, 18 App. Div. (N. Y.) 387;

*Mack* v. *Shawangunk*, 90 N. Y. Supp. 760.   The same rule has been laid down in *Alabama & Vicksburg Railway* v. *Davis*, 69 Miss. 444.   See *Illinois Central Railroad* v. *McLeod*, 78 Miss. 334. The precise question has arisen in New Jersey, and the doctrine of imputed negligence of a driver to a voluntary passenger is not adopted.   *Consolidated Traction Co.* v. *Hoimark*, 31 Vroom, 456. *Noonan* v. *Consolidated Traction Co.* 35 Vroom, 579.   *Thorogood* v. *Bryan* is discredited there.   *New York, Lake Erie & Western Railroad* v. *New Jersey Electric Railway*, 31 Vroom, 338, 348. *New York, Lake Erie & Western Railroad* v. *Steinbrenner*, 18 Vroom, 161.   In an exhaustive opinion the Supreme Court of North Carolina has refused to adopt the doctrine of imputed negligence in *Duval* v. *Atlantic Coast Line Railroad*, 134 N. C. 331, and *Crampton* v. *Ivie Bros.* 126 N. C. 894.   It has been repudiated also in *Transfer Co.* v. *Kelly*, 36 Ohio St. 86, *Cincinnati Street Railway* v. *Wright*, 54 Ohio St. 181, 193.   In *Metropolitan Street Railroad* v. *Powell*, 89 Ga. 601, 611, the Supreme Court of Georgia held that the plaintiff under conditions almost exactly like those in the case at bar might go to the jury.   The same is true in North Dakota: *Ouverson* v. *Grafton*, 5 No. Dak. 281, 293; and in Tennessee, *Hydes Ferry Turnpike Co.* v. *Yates*, 67 S. W. Rep. 69; and in Delaware, *Farley* v. *Wilmington & Newcastle Electric Railway*, 52 Atl. Rep. 543; and in Texas, *Missouri, Kansas & Texas Railway* v. *Rogers*, 91 Texas, 52, 58; *Galveston, Harrisburg & San Antonio Railway* v. *Kutac*, 72 Texas, 643, 652; *Central Texas & Northwestern Railway* v. *Gibson*, 35 Tex. App. 66; and in Virginia, *Atlantic & Danville Railroad* v. *Ironmonger*, 95 Va. 625; and in Washington, *Shearer* v. *Buckley*, 31 Wash. 370; and in Nebraska, *Hajsek* v. *Chicago, Burlington & Quincy Railroad*, 68 Neb. 539, although, in the last named State, in a case of joint enterprise between the driver and the plaintiff, the negligence of the driver has been imputed to the plaintiff. *Omaha & Republican Valley Railway* v. *Talbot*, 48 Neb. 627.

The question of imputed negligence was before the Supreme Court of the United States in *Little* v. *Hackett*, 116 U. S. 366, where the facts were similar to those in *Randolph* v. *O'Riordan*, 155 Mass. 331.   *Thorogood* v. *Bryan* was discredited as resting " upon indefensible ground," and the court lays down the rule in this language : " That one cannot recover damages for an injury to

the commission of which he has directly contributed is a rule of established law and a principle of common justice. And it matters not whether that contribution consists in his participation in the direct cause of the injury, or in his omission of duties, which, if performed, would have prevented it. If his fault, whether of omission or commission, has been the proximate cause of the injury, he is without remedy against one also in the wrong. It would seem that the converse of this doctrine should be accepted as sound; that when one has been injured by the wrongful act of another, to which he has in no respect contributed, he should be entitled in damages from the wrongdoer. And such is the generally received doctrine, unless a contributory cause of the injury has been the negligence or fault of some person towards whom he sustains the relation of superior or master, in which case the negligence is imputed to him, though he may not have personally participated in or had knowledge of it; and he must bear the consequences. The doctrine may also be subject to other exceptions growing out of the relation of parent and child, or guardian and ward, and the like." In the course of this opinion, *Dyer* v. *Erie Railway*, 71 N. Y. 228, a case on all fours with the one at bar, is cited with approval as a supporting authority. Relying upon *Little* v. *Hackett* as authority, the federal courts have refused to impute the negligence of the driver to a gratuitous passenger in a private conveyance. *Pyle* v. *Clark*, 75 Fed. Rep. 644; *S. C.* 79 Fed. Rep. 744. *Griffith* v. *Baltimore & Ohio Railroad*, 44 Fed. Rep. 574. *Union Pacific Railway* v. *Lapsley*, 51 Fed. Rep. 174. *Sheffield* v. *Central Union Telephone Co.* 36 Fed. Rep. 164. *Evans* v. *Lake Erie & Western Railway*, 78 Fed. Rep. 782. *Honey* v. *Chicago, Burlington & Quincy Railway*, 59 Fed. Rep. 427. See *Delaware, Lackawanna & Western Railroad* v. *Devore*, 114 Fed. Rep. 155; *Denver City Tramway Co.* v. *Norton*, 141 Fed. Rep. 599, 609.

Text-book writers generally have also expressed the same view. 7 Am. & Eng. Encyc. of Law, (2d ed.) 447. 1 Thompson, Negligence, § 502. 1 Shearman & Redfield, Negligence, § 66. Beach, Contributory Negligence, § 115.

If the subject is considered apart from decided cases and upon sound reason, the same conclusion is reached. There is no ab-

stract principle of law by which an innocent person, in the full possession and exercise of his faculties and himself using due care, should be prohibited from recovery against a wrongdoer whose tortious act contributes as a proximate cause to his injury. It is familiar law that an injured person may recover against one or both of two wrongdoers between whom there is no concert of action, whose concurring act produces the injury, even though the act of either alone might not have caused any harm, when "no distinction can be drawn between their acts." *Oulighan* v. *Butler,* 189 Mass. 287, 293. *Corey* v. *Havener,* 182 Mass. 250. Where the injury has resulted from the negligent act of another, the plaintiff may recover if such negligence was the efficient cause. In other phrase, where the defendant is the doer of a wrong, which causes an injury to a plaintiff, who is free from any contributory negligence, the circumstance that the negligence of a third party also contributed to the injury does not ordinarily bar recovery. The innocent injured plaintiff ought not to go remediless against one, by whose wrongful act he was harmed. Under the conditions existing in the case at bar, recovery by the plaintiff can only be prevented by judicially imposing upon the purely humane, social or benevolent act of hospitality the fiction of assuming the contractual relation of principal and agent between the guest and host. Such relation in fact does not exist. The parties themselves would at once repudiate it, and indeed the association itself is repugnant to the thought of contract. Such a fiction ought not to be resorted to, except under the imperative requirement of some technical legal rule or to accomplish a manifest justice. Its invocation in the present case is not made necessary by such rule and its application only serves to protect a wrongdoer from the natural consequences of his acts, so that it fails of justification on both grounds. In principle, apart from special rules often enacted by common carriers, there seems to be no greater or different duty resting upon the recipient of a gratuitous excursion in a private conveyance to direct the driver in the performance of his duty or to warn him of approaching risk, than is imposed upon a passenger for hire occupying a seat beside a motorman in an electric car or driver of an omnibus. In either case, there is no contractual obligation. It is simply what under all the

circumstances may be an exercise of due care. If the doctrine of principal and agent is to be applied to cases like the one now before us, its logic compels the application to the case of the passenger in the hired cab and the imputation of the driver's negligence to him. This seems to be the course followed in *Nicholls* v. *Great Western Railway*, 27 U. C. (Q. B.) 382; *Winckler* v. *Great Western Railway*, 18 U. C. (C. P.) 250. Moreover, it is but a rational extension of the rule to hold the gratuitous passenger, if he is to be precluded from recovery against a wrongdoer by reason of the negligence of his driver on the theory that the latter is his agent, himself liable also in an action of tort to any one injured by the negligence of this same driver. If he is prevented from availing himself of a right of action for the wrong of another on the ground of the negligence of his agent, the converse of this proposition necessarily holds true. He must be responsible to a child negligently run down in the street by his host, who is driver and assumed agent. The responsibility of the invited guest for the negligence of his host must be coextensive with the agency. The purpose of the agency is the driving of the vehicle, and hence it follows that the guest will be liable for any injury negligently occasioned in the driving. If the driver's want of care is imputed to the guest when injury is received by him, to the same extent must the imputation exist when harm is inflicted. To thus press the doctrine of imputed negligence to its logical conclusion demonstrates its unsoundness. It is neither just nor reasonable nor consonant with any principle of jurisprudence to require the plaintiff to go remediless for a wrong committed against her by the defendant, which she neither contributed to, was responsible for, nor could have prevented. To send her out of court would be to punish the innocent and discharge the guilty.

The rule fairly deducible from our own cases, and supported by the great weight of authority by courts of other jurisdictions is that where an adult person, possessing all his faculties and personally in the exercise of that degree of care, which common prudence requires under all the attending circumstances, is injured through the negligence of some third person and the concurring negligence of one with whom the plaintiff is riding as guest or companion, between whom and the plaintiff the rela-

tion of master and servant or principal and agent, or mutual responsibility in a common enterprise, does not in fact exist, the plaintiff being at the time in no position to exercise authority or control over the driver, then the negligence of the driver is not imputable to the injured person, but the latter is entitled to recover against the one through whose wrong his injuries were sustained.   Disregarding the passenger's own due care, the test whether the negligence of the driver is to be imputed to the one riding depends upon the latter's control or right of control of the actions of the driver, so as to constitute in fact the relation of principal and agent or master and servant, or his voluntary, unconstrained, non-contractual surrender of all care for himself to the caution of the driver.

Applying this statement of the law to the present case, the result is that the plaintiff would not be entitled to recover if in the exercise of common prudence she ought to have given some warning to the driver of carelessness on his part, which she observed or might have observed in exercising due care for her own safety, nor if she negligently abandoned the exercise of her own faculties and trusted entirely to the vigilance and care of the driver.   She cannot hide behind the fact that another is driving the vehicle in which she is riding, and thus relieve herself of her own negligence.   What degree of care she should have exercised, in accepting the invitation to ride, or in observing and calling to the attention of the driver perils unnoticed by him, depends upon the circumstances at the time of the injury.   On the other hand, she would be permitted to recover if, in entering and continuing in the conveyance, she acted with reasonable caution, and had no ground to suspect incompetency and no cause to anticipate negligence on the part of the driver, and if the impending danger, although in part produced by the driver, was so sudden or of such a character as not to permit or require her to do any act for her own protection.

In view of the facts of the case the requests for rulings presented by the plaintiff were not correct propositions of law and were properly refused, but the portion of the charge excepted to failed to express with accuracy and fulness the rights of the plaintiff and the liability of the defendant to her.   The jury were instructed to treat the plaintiff as identified with the

driver, and burdened with his negligence. For the reasons we have stated and under the circumstances disclosed, this was not an accurate statement of the law.

*Exceptions sustained.*